**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TIMOTHY J. BEALL,<br>Plaintiff,<br><br>v.<br><br>EVERETT J. PRESCOTT, INC., et al.,<br>Defendants. | **CIVIL ACTION**<br>**NO. 25-40124-MRG** |

# REPORT AND RECOMMENDATION

**September 4, 2026**

Hennessy, M.J.

By Order of Reference dated May 19, 2026, pursuant to 28 U.S.C. § 636(b)(1)(B), (Docket #30), this matter was referred to me for a report and recommendation on the motion to dismiss filed by Defendants Everett J. Prescott, Inc. ("EJP"), Paul Van Savage, James Peterson, Steven Prescott, David Hirsch, Peter Prescott, Robbie Chadwick, Kristin Pfeffer, John Flagg, and Bryan Flagg (collectively, the "EJP Defendants"), (Docket #21). Pro se Plaintiff Timothy J. Beall has filed no opposition to this motion. This matter was also referred to me by the same Order of Reference, pursuant to 28 U.S.C. § 636(b)(1)(A), for a ruling on the Beall's motion to stay, (Docket #27), to which Defendants have filed oppositions, (Dockets #28, 29). These matters are now ripe for adjudication. For the reasons that follow, I recommend that the motion to dismiss (Docket #21) be allowed and that the motion to stay (Docket #27) be denied without prejudice.

## I. BACKGROUND

Beall, a Massachusetts resident, was employed by EJP in its Shrewsbury, Massachusetts division as an inside sales representative. (Docket #1-1 at ¶¶ 1, 9). In November of 2024, Beall alerted EJP to a custody hearing at which his presence was court ordered requiring him to be absent from work. (Id. at ¶ 10). On November 6, 2024, Beall was terminated due to "attendance." (Id. at ¶ 11).

At the time of his termination, Beall was in active recovery from alcoholism. (Id. at ¶ 12). Beall alleges that he requested time off while employed by EJP under the Massachusetts Paid Family and Medical Leave ("PFML") program, was denied benefits, and was never paid earned commissions. (Id. at ¶ 13). Beall further alleges that EJP submitted false information to the Department of Unemployment Assistance, resulting in the wrongful denial of unemployment benefits. (Id. at ¶ 14). Beall asserts that, after he requested his commission check and explained his position to EJP's Human Resources Department, Paul Van Savage, EJP's Human Resources Director, filed a false police report in Beall's hometown which identified EJP's CEO as "Scott Prescott," instead of the true name of EJP's CEO, Steven Prescott. (Id. at ¶ 15). The police report was filed during a sensitive custody battle, and Beall alleges that it caused him enduring reputational and emotional harm. (Id. at ¶ 16).

On March 3, 2025, in response to his complaints and request for relief, EJP filed an allegedly retaliatory civil action against Beall in the United States District Court for the District of Maine, two-hundred miles from his home. (Id. at ¶¶ 4, 17; Docket #13-1).[1] The verified complaint

---

[1] The court takes judicial notice of the court filings in Everett J. Prescott, Inc. v. Timothy J. Beall, No 1:25-cv-00071-JAW (D. Me.), contained in the attachments to Dockets #13, #19, and #22. The court does so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)); see also Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

asserted claims of defamation per se, tortious interference with advantageous economic relationships, and intentional infliction of emotional distress. (Docket #13-1). The verified complaint requested that the court issue a temporary restraining order and a preliminary injunction. (Id.). On March 10, 2025, EJP filed an amended verified complaint adding Van Savage as a plaintiff. (Docket #13-2). Beall, claiming that he was never properly served in the action, states that he was unaware of these filings until after a default had been entered against him. (Docket #1-1 at ¶ 18). After receiving a Right to Sue letter from the Massachusetts Attorney General and the EEOC, Beall successfully vacated the default judgment. (Id. at ¶ 19). On July 25, 2025, Beal filed Amended Counterclaims against EJP and Paul Van Savage. (Docket #22-2). EJP and Van Savage filed a motion to dismiss Beall's amended counterclaims on August 28, 2025. (Docket #22-3). On October 8, 2025, the court granted the motion and dismissed Beall's amended counterclaims. Everett J. Prescott, Inc. v. Beall, NO. 1:25-cv-00071-JAW, 2025 WL 2855399, at *7 (D. Me. Oct. 8, 2025).

Beall filed the instant case in the Massachusetts Superior Court for Worcester County on August 6, 2025. (Dockets #1, 1-1). Defendants removed the case to federal court on August 19, 2025. (Docket #1). Beall generally alleges that the Defendants participated in a "sustained campaign of retaliation, civil rights violations, and coordinated suppression of protected speech." (Id. at p. 2). Beall asserts that EJP and/or its agents engaged Defendant Wayne Black who then contacted him and referred him to both the FBI and local law enforcement. (Id. at ¶ 21). Beall alleges that he has been subject to third-party intimidation, having received a voicemail from an individual identifying herself as an FBI agent within hours of a settlement outreach by Beall, and then being contacted by Shrewsbury police officer Finnacom the following day. (Id. at ¶¶ 22-23). Officer Finnacom disclosed that Black had reached out to the Shrewsbury Police Department

directly. (Id. at ¶ 23). Beall alleges that the actions of all Defendants reflect patterns of "racketeering-like conduct" including filing of false police reports, using sealed court records for leverage, impersonation of federal agents, intimidation of a pro se litigant, and abuse of civil process over state lines. (Id. at ¶ 29).

## II. STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

While the First Circuit holds a pro se litigant such as Beall "to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Pro se litigants "still must comply with procedural and substantive law" and "[d]ismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim." Harihar v. U.S. Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 WL 1227924, at *5 (D. Mass. Mar. 31, 2017).

Though most motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are "premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). "As a general rule, a properly raised affirmative defense can

be adjudicated on a motion to dismiss so long as (i) the facts establishing the defenses are definitely ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

## III. ANALYSIS

### A. Defendants James Peterson, Steven Prescott, David Hirsch, Peter Prescott, Robbie Chadwick, Kristin Pfeffer, John Flagg, and Bryan Flagg

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 612 (2002). The pleadings must also afford the defendant "a meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why[.]" Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Beall has failed to make any factual allegations in his complaint concerning individual defendants James Peterson, Steven Prescott, David Hirsch, Peter Prescott, Robbie Chadwick, Kristin Pfeffer, John Flagg, and Bryan Flagg other than that they were employees, officers, or agents of EJP. (See Docket #1-1). He has provided these defendants with neither fair notice of what claims they face nor a meaningful opportunity to mount a defense. As such, Beall has failed to comport with the pleading requirements of Federal Rule of Civil Procedure 8 and dismissal of the claims against these defendants is appropriate.

**B. Claim Preclusion**

The EJP Defendants argue that the complaint against them should be dismissed in its entirety because it is barred by claim preclusion. (Docket #22 at 5-7). Having already recommended dismissal of the complaint against the other EJP Defendants, I address the claim preclusion argument only with respect to Defendants EJP and Paul Van Savage.

"The doctrine of claim preclusion, or res judicata, establishes that claims arising from the same transaction or a common nucleus of operative facts that have been fully adjudicated on the merits are barred from further litigation." Rafsky v. Smallbizpros, Inc., No. 20-11148-TSH, 2024 WL 1178375, at *2 (D. Mass. Mar. 19, 2024) (citing Airframe Sys. v. Raytheon Co., 601 F.3d 9, 12 (1st Cir. 2010)). The doctrine is rooted in the concept that "public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." Federated Dep't Stores, Inc. v. Moitie, 451 U.S. 394, 401 (1981) (quoting Baldwin v. Traveling Men's Assn., 283 U.S. 522, 524 (1931)) (alterations omitted). The doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 181 (1st Cir. 1999) (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995)). Here, the claim preclusion analysis is governed by federal law as the original action was litigated in federal court. See Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (citing Iannochino v. Rodalakis, 242 F.3d 36, 41 (1st Cir. 2001)).

"[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." Lucky Brand Dungarees, Inc.

v. Marcel Fashions Grp., Inc., 590 U.S. 405, 412 (2020). Claim preclusion is applicable where there is: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Benenson v. Comm'r, 887 F.3d 511, 516 (1st Cir. 2018) (quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991)). As the parties raising the defense, EJP and Paul Van Savage bear the burden of establishing all necessary elements of claim preclusion. Taylor v. Sturgell, 553 U.S. 880, 907 (2008).

The Maine Court dismissed Beall's counterclaims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] Everett J. Prescott, Inc., 2025 WL 2855399, at *3. "Dismissals under Rule 12(b)(6) that dispose of an entire complaint are considered 'final judgments on the merits' for purposes of claim preclusion." Salvati v. Fireman's Fund Ins. Co., 368 F. Supp. 85, 91 (D. Mass. 2019); see Federated Dep't Stores, Inc., 451 U.S. at 399 n.3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Hence, the first prong of claim preclusion is satisfied.

In considering whether there is an identity between the two causes of action, as required by the second prong of the claim preclusion analysis, the court's inquiry does not turn on the labels the plaintiff attaches to its various claims. Airframe, 601 F.3 at 15. Instead, the First Circuit employs a transactional approach, asking "whether the causes of action arise out of a common nucleus of operative facts." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). In making this inquiry, the court routinely asks "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unity, and whether their treatment as a unit conforms to the parties' expectations." Id. (quoting Aunyx Corp. v. Canon

[2] "A decision of a sister court is a proper matter of judicial notice." Berrios-Romero v. Estado Libre Asociado De P.R., 641 F.3d 24, 27 (1st Cir. 2011).

U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992)). Here the causes of action against EJP and Paul Van Savage in both the amended counterclaims Beall filed in the District of Maine case and the instant case stem from the same common nucleus of operative facts, namely Beall's employment with EJP, his subsequent termination, and the retaliatory conduct that he alleges occurred following the termination. (Compare Docket #1-1 with Docket #22-2). While the actual causes of action differ slightly and the alleged facts vary between the two pleadings, the relevant conduct underlying the two complaints are the same and the second prong of claim preclusion is met. See Andrews-Clarke, 157 F. Supp. 2d at 102 (holding that, "[a]lthough some of the claims in the current action are 'cloaked' with different theories of liability and some new selections of remedy, the fundamental cause of action remains the same," and therefore claim preclusion bars action).

As to the final prong of the claim preclusion analysis, it is clearly met here, as both EJP and Paul Van Savage were parties to the Maine action. Having satisfied all three prongs of the analysis, I find that the complaint against EJP and Paul Van Savage is barred by the doctrine of claim preclusion and thus I recommend that the complaint be dismissed as to EJP and Paul Van Savage.

**C. Defendant Wayne Black**

On August 6, 2025, Beall filed the instant lawsuit in the Massachusetts Superior Court for Worcester County. (Docket #1). The case was removed to this court on August 19, 2025. (Dockets #1). Hence, the 90-day period for service under Federal Rule of Civil Procedure 4(m) expired on November 19, 2025. See Wallace v. Microsoft Corp., 596 F.3d 703, 707 (10th Cir. 2010) (period for service of process is measured from time of removal), quoted in Egan v. Tenet Health Care, 193 F. Supp. 3d 73, 80 (D. Mass. 2016). Beall has not filed on the docket proof of service on Defendant Wayne Black. As such the complaint is deemed to be unserved on Wayne

Black. See L.R., D. Mass. 4.1(a). If, however, Beall did in fact serve Wayne Black during the authorized time period, Wayne Black's answer to the complaint would have been due by December 10, 2025, unless he had timely waived service. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Wayne Black has not entered an appearance in this case.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. of P.R., 108 F. Appx. 638, 640 (1st Cir. 2004). Moreover, Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." Heather S. v. Berryhill, No. 1:18-cv-00178-JAW, 2018 WL 4781169, at *1 (D. Me. Oct. 3, 2018) (Rich III, Mag. J.) (quoting Unitronics 1989 R"G Ltd. v. Gharb, 85 F. Supp. 3d 118, 126 (D.D.C. 2015)).

In light of Wayne Black's failure to enter an appearance in this case and the lack of a return of service upon him, I hereby recommend that the District Court require Beall, within fourteen days of adopting this Report and Recommendation, to show proof of service on Wayne Black, and, if such proof can be furnished, to show cause why he has not moved to default Wayne Black for failure to answer the complaint. If Beall fails to comply with these requirements, I further recommend that the court dismiss Beall's claims against Wayne Black for failure to prosecute.

**D. Motion to Stay**

Having recommend the dismissal of the complaint against all defendants who have entered an appearance to date, and having recommended that the court dismiss Beall's claims against Wayne Black if he cannot show both proof of service on Wayne Black and cause why he has not moved to default Wayne Black, I recommend that the court deny the motion to stay (docket #27) without prejudice to refile the motion once the court determines whether Beall's claims should be dismissed against Wayne Black.

## IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that the motion to dismiss (docket #21) be ALLOWED and that the complaint against Defendants Everett J. Prescott, Inc., Paul Van Savage, James Peterson, Steven Prescott, David Hirsch, Peter Prescott, Robbie Chadwick, Kristin Pfeffer, John Flagg, and Bryan Flagg be dismissed with prejudice. I further RECOMMEND that the District Court require Beall, within fourteen days of adopting this Report and Recommendation, to show proof of service on Defendant Wayne Black, and, if such proof can be furnished, to show cause why he has not moved to default Defendant Wayne Black for failure to answer the complaint. If Beall fails to comply with these requirements, I further RECOMMEND that the court dismiss Beall's claims against Defendant Wayne Black for failure to prosecute. I further RECOMMEND that the court DENY the motion to stay (Docket #27) without prejudice to refile the motion once the court determines whether Beall's claims should be dismissed against Defendant Wayne Black.[3]

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

[3] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).